IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUAD INTERNATIONAL, INC.,

    Plaintiff,                          No. 2:12-cv-2631 LKK KJN

    vs.

DOES 1-6,

    Defendants.                  <u>ORDER</u>

_____/

        Presently before the court is plaintiff's ex parte application for leave to take expedited discovery, filed on January 8, 2013. (Dkt. No. 7.)[1] Because plaintiff did not request a hearing on the application, and oral argument would not materially aid the resolution of the matter, the court resolves the application on the moving papers and the present record. <u>See</u> Fed. R. Civ. P. 78(b); E.D. Cal. L.R. 230(g). For the reasons that follow, the court grants in part plaintiff's application for leave to conduct the limited early discovery along the terms outlined below.

<u>BACKGROUND</u>

        In this action, originally filed on October 23, 2012, plaintiff filed a complaint for

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(1) and 28 U.S.C. § 636(b)(1).

1  copyright infringement and civil conspiracy against defendants Does 1-6. (See Complaint, Dkt.
2  No. 1 ["Compl."].)  Plaintiff is alleged to be the author of, and exclusive holder of the
3  distribution and reproduction rights with respect to, several copyrighted adult entertainment
4  works: "ScoreHD - Knock My Socks Off (PA0001803386)"; "ScoreHD - Hot Cream
5  (PA0001806492)"; and "ScoreHD - Manhandled (PA0001806489)." (Compl. ¶¶ 18-19; Notice
6  of Copyrights Involved In Case, Dkt. No. 5.)[2]  According to plaintiff, the copyrighted works are
7  currently registered in the United States Copyright Office.  (Compl. ¶ 20.)

8           In the course of monitoring internet-based infringement of plaintiff's copyrighted
9  works, plaintiff's agents allegedly observed unlawful reproduction and distribution of the above-
10 mentioned copyrighted works via the BitTorrent file transfer protocol.  (Compl. ¶¶ 1, 8, 21-23.)
11 Plaintiff claims that the Doe defendants, without plaintiff's authorization or license, intentionally
12 downloaded a torrent file(s) particular to plaintiff's copyrighted works, purposefully loaded the
13 torrent file(s) into their BitTorrent clients, and entered a BitTorrent swarm(s) particular to
14 plaintiff's copyrighted works, thereby reproducing and distributing these copyrighted works to
15 numerous third parties.  (Id. ¶ 22.)  According to plaintiff, it created a log listing the date and
16 time of each Doe defendant's alleged infringing activity, the Internet Protocol ("IP") addresses
17 associated with that activity, and the internet service provider ("ISP") that issued each IP address,
18 which is attached to the complaint as Exhibit A.  (Id. ¶ 23.)  However, the Doe defendants' actual
19 names are unknown to plaintiff.  (Id. ¶ 8.)

20          Plaintiff contends that only the ISP who issued the IP address connected with the
21 unauthorized activity at the particular date and time has the ability to identify the particular Doe
22 defendant.  (Dkt. No. 7-1, ¶ 21.)  Thus, plaintiff essentially seeks an order granting leave to
23 conduct expedited discovery to serve a Rule 45 subpoena on the ISPs identified in Exhibit A to

---

[2] Plaintiff's complaint itself only vaguely references "unique copyrighted work(s)
25 (hereinafter "Work") as the subject of the litigation, but a subsequently filed "Notice of
Copyrights Involved In Case" lists the three copyrighted works that have allegedly been
26 infringed. (Compl. ¶ 5; Notice of Copyrights Involved In Case, Dkt. No. 5.)

the Complaint (or any other entity identified as providing internet services to the Doe defendants at the specified IP addresses)[3] to obtain the name, current (and permanent) address, telephone number, e-mail address, and Media Access Control address of each Doe defendant, thereby permitting plaintiff to amend its complaint to state the Doe defendants' true names and serve them with process.

DISCUSSION

Rule 26(d) of the Federal Rules of Civil Procedure provides, in part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or *by court order*." Fed. R. Civ. P. 26(d)(1) (emphasis added). Courts apply a "good cause" standard in considering motions to expedite discovery. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id.

Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition, or in cases where the plaintiff seeks a preliminary injunction. Semitool, Inc., 208 F.R.D. at 276; Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liability Co., 204 F.R.D. 675, 676 (D. Colo. 2002). Moreover, several unpublished opinions from federal district courts in California, applying the test in Semitool, found good cause to allow expedited discovery to ascertain the identity of a Doe defendant in copyright infringement actions. See e.g. AF Holdings LLC v. Doe, 2012 WL 1610185 (E.D. Cal. May 8, 2012) (granting leave to take expedited discovery in the form of Rule 45 subpoenas to obtain information regarding the name, address, telephone number, e-mail address, and Media Access Control

---

[3] Plaintiff explains that some ISPs lease or otherwise allocate certain IP addresses to unrelated, intermediary ISPs. Because the lessor ISP has no direct relationship with the end user, it may be unable to identify the end user. (Dkt. No. 7-1, ¶ 23.) Thus, plaintiff also requests authority to subpoena any intermediary or lessee ISP from whom the Doe defendants' contact information can be obtained.

address of a Doe defendant); UMG Recordings, Inc. v. Doe, 2008 WL 4104207 (N.D. Cal. Sept. 4, 2008) (granting leave to immediately serve Rule 45 subpoena to seek documents revealing the name, address, e-mail address, and Media Access Control address of a Doe defendant); Arista Records LLC v. Does 1-43, 2007 WL 4538697 (S.D. Cal. Dec. 20, 2007) (granting leave to conduct expedited discovery in the form of Rule 45 subpoenas seeking information to identify the names, addresses, telephone numbers, e-mail addresses, and Media Access Control addresses of Doe defendants); but see Hard Drive Prods., Inc. v. Does 1-90, No. C 11-03825 HRL, 2012 WL 1094653, at *7 (N.D. Cal. Mar. 30, 2012) (unpublished) (stating that "the court will not assist a plaintiff who seems to have no desire to actually litigate but instead seems to be using the courts to pursue an extrajudicial business plan against possible infringers (and innocent others caught up in the ISP net)").[4]

---

[4] Nothing in the record presently supports that plaintiff is using the court to "pursue an extrajudicial business plan," but the court notes some growing concern among district courts about these sorts of expedited discovery matters. For example, a judge in the Central District of California recently granted a plaintiff's motion for expedited discovery and permitted expedited discovery as to one Doe defendant, but severed the remaining nine defendants from the case and concluded his order with the following:

### C. The economics of pornographic copyright lawsuits

The Court is familiar with lawsuits like this one. [Citations omitted.] These lawsuits run a common theme: plaintiff owns a copyright to a pornographic movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a nuisance-value check to the plaintiff. The cost to the plaintiff: a single filing fee, a bit of discovery, and stamps. The rewards: potentially hundreds of thousands of dollars. Rarely do these cases reach the merits.

The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial. By requiring Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement—making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it.

1  In Arista Records LLC, the plaintiffs alleged that unidentified defendants had used an online media distribution system to download and distribute plaintiffs' copyrighted works to the public without permission.  Arista Records LLC, 2007 WL 4538697, at *1.  Because the plaintiffs were only able to identify each defendant by a unique IP address assigned to that defendant, plaintiffs filed an ex parte application seeking leave to serve immediate discovery on a third-party ISP to ascertain the Doe defendants' true identities.  Id.  The court found good cause to allow expedited discovery based on the plaintiffs' prima facie showing of infringement, the risk that the ISP would not long preserve the information sought, the narrow tailoring of the requests to the minimum amount of information needed to identify the defendants without prejudicing their rights, and the fact that the expedited discovery would substantially contribute to moving the case forward.  Id.  The court further noted that, without such discovery, plaintiffs could not identify the Doe defendants and would not be able to pursue their lawsuit to protect their copyrighted works from potential infringement.  Id.

Here, the undersigned finds that good cause supports permitting plaintiff to conduct limited early discovery to ascertain the actual identity and contact information of defendant Doe 1, known only by the IP address 76.20.78.241 purportedly issued by the ISP Comcast Cable Communications as of August 13, 2012 at 7:28:44 p.m.[5]  (Dkt. No. 1-1.)

---

Malibu Media, LLC v. John Does 1 through 10, No. 2:12-cv-3623-ODW(PJWx), 2012 WL 5382304, at **3-4 (C.D. Cal. June 27, 2012) (unpublished); see also Malibu Media, LLC v. Does 1-5, No. 12 Civ. 2950(JPO), 2012 WL 2001968, at *1 (S.D.N.Y. June 1, 2012) (unpublished) (permitting limited discovery but stating that the court "shares the growing concern about unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded") (citing, among other authorities, In re BitTorrent Adult Film Copyright Infringement Cases, Nos. 11-3995 et al., 2012 WL 1570765 (E.D.N.Y. May 1, 2012) (unpublished)).

[5] The log also lists the IP addresses of the other 5 Doe Defendants, issued by several different ISPs, including Comcast Cable Communications, Frontier Communications of America, and Northland Cable Television.  (Dkt. No. 1-1.)  According to the log, the infringing activity by defendant Does 1-6 occurred over different days – August 13, 2012; July 26, 2012; July 27, 2012; July 25, 2012; July 20, 2012; and August 11, 2012, respectively.  (Id.)

1 Plaintiff has persuasively argued that it cannot identify defendant Doe 1, or any of the Doe
2 defendants, without early discovery and, therefore, cannot properly name them as defendants or
3 serve them with process.  Additionally, plaintiff plainly cannot conduct a Rule 26(f) discovery
4 conference without knowing at least one defendant's real name and contact information.  Also,
5 plaintiff's representations presently support that the IP address identified by plaintiff for
6 defendant Doe 1—76.20.78.241—is associated with a particular individual, and that the
7 discovery sought will facilitate identification of, and service of the summons and complaint on
8 defendant Doe 1.  Furthermore, plaintiff's investigative technician has declared, although rather
9 speculatively, that some ISPs store subscriber information associated with particular IP addresses
10 for a limited period of time.[6]

11           The need for expedited discovery must of course be balanced against the prejudice
12 to the responding party.  Semitool, 208 F.R.D. at 276.  The undersigned finds, at least on the
13 present record, that there is little risk of material prejudice to defendant Doe 1 or the associated
14 ISP, Comcast Cable Communications, if that ISP is served with a Rule 45 subpoena that requires
15 the ISP to provide the actual name and contact information of defendant Doe 1.  It does not
16 appear excessively burdensome for the ISP to provide such information regarding a single
17 subscriber.  Moreover, there is little risk of risk of prejudice to defendant Doe 1, because the
18 expedited discovery requested merely seeks defendant Doe 1's name and basic contact
19 information, and does not seek early admissions, answers to interrogatories, or depositions during
20 which defendant Doe 1 may unwarily incriminate himself or herself without the opportunity of
21 first obtaining counsel.  See Pod-Ners, LLC, 204 F.R.D. at 676 ("Expedited discovery may be
22 inappropriate where defendants are required to unwarily incriminate themselves before they have

---

[6] The declaration of plaintiff's investigator, Peter Hansmeier, states: "Internet services providers have different policies regarding the length of time they preserve information about what IP address was associated with a given subscriber at a given date and time.  Some Internet service providers store this information for as little as weeks or even days before potentially permanently erasing the data they contain." (Dkt. No. 7-1, ¶ 22.)  Mr. Hansmeier's statement is unsupported by documentation and so general as to be of little to no value.

a chance to review the facts of the case and to retain counsel"). Finally, of course, the ISP and/or defendant Doe 1 may move to quash the subpoena or seek a protective order.

In short, good cause supports permitting plaintiff to conduct limited, expedited discovery. The minimal risk of prejudice to defendant Doe 1 and the associated ISP does not outweigh plaintiff's need for the discovery sought.

However, the undersigned does not grant plaintiff leave to conduct expedited discovery as to defendants Does 2 through 6, for at least two reasons. First, plaintiff's primary aim is to move this case forward, which ultimately means serving a defendant with the summons and complaint and proceeding with normally scheduled discovery. Permitting plaintiff to conduct expedited discovery to identify defendant Doe 1 will allow plaintiff to name and serve a defendant in this case, conduct a Rule 26(f) conference, and then conduct regular discovery as to the remaining Doe defendants. In light of plaintiff's allegation that the Doe defendants engaged "in a concerted tortious action" as part of a conspiracy (Compl. ¶ 33), discovery propounded on defendant Doe 1 should facilitate plaintiff's identification of some, if not all, of the remaining defendants. Additionally, although there is some risk that the ISPs could destroy information regarding the identities of the other Doe defendants, plaintiff has not adequately demonstrated that the risk of such destruction before a Rule 26(f) conference could occur is significant.[7]

Second, by limiting expedited discovery to defendant Doe 1, the court avoids prematurely ruling on the question of improper joinder, which appears endemic to BitTorrent file sharing cases such as this one.[8] See, e.g., OpenMind Solutions, Inc. v. Does 1-39, No. C 11-3311 MEJ, 2011 WL 3740714, at **4-5 (N.D. Cal. Aug. 23, 2011) (unpublished) (granting early

---

[7] Indeed, this lack of urgency is demonstrated by plaintiff's own delay of more than two months in seeking leave to conduct expedited discovery after filing this action on October 23, 2012. (Dkt. Nos. 1, 7.)

[8] The undersigned notes that an ultimate determination regarding the propriety of joinder is beyond the limited jurisdiction of the magistrate judges of this court. See E.D. Cal. L.R. 302(c).

7

discovery as to one Doe defendant but dismissing all but one of the 39 Doe defendants from the action without prejudice for improper joinder); <u>Diabolic Video Prods., Inc. v. Does 1-2099</u>, 2011 WL 3100404, at *3-5 (N.D. Cal. May 31, 2011) (granting early discovery as to one Doe defendant but severing all but one of the 2,099 Doe defendants from the action for improper joinder); <u>see</u> <u>also</u> <u>On The Cheap, LLC v. Does 1-5011</u>, 280 F.R.D. 500 (N.D. Cal. 2011) (dismissing 5,010 defendants without prejudice for improper joinder after expedited discovery was permitted and conducted).  Here, although plaintiff alleges that all of the Doe defendants acted in concert and as part of a conspiracy, it also alleges that the 6 defendants acted on different dates over approximately 3-4 weeks, at different times of day, and presumably from different locations.  (<u>See</u> Compl. ¶ 33 & Ex. A.)  Plaintiff's discovery as to defendant Doe 1 may very well bolster plaintiff's allegations regarding proper joinder, but at a minimum should develop the record in that regard.

<u>CONCLUSION</u>

Accordingly, for the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application for leave to take expedited discovery (dkt. no. 7) is GRANTED IN PART along the terms outlined in this order.

2. Plaintiff may immediately serve a Rule 45 subpoena(s) on Comcast Cable Communications ("Comcast") or any other entity identified as providing internet services to defendant Doe 1 at the IP address 76.20.78.241 to obtain the following limited information about the subscriber defendant Doe 1: his or her *name, current (and permanent) address, telephone number, and e-mail address*.[9]  Each subpoena shall have a copy of this order attached.

3. Comcast, or any other ISP subpoenaed pursuant to this order, shall in turn serve a copy of the subpoena and a copy of this order upon the subscriber (defendant Doe 1)

---

[9] Plaintiff has not made an adequate showing as to why it needs to discover the Media Access Control number associated with defendant Doe 1 on an expedited basis.  Plaintiff should be able to serve the summons and complaint on defendant Doe 1 without acquiring the Media Access Control number.

within 30 days from the date of service upon it. The ISP(s) may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

4. The subscriber (defendant Doe 1) and the ISP(s) shall each have 30 days from the respective dates of service upon them to file any motions contesting the subpoena (including a motion to quash or modify the subpoena or a motion for protective order) *in the district court from which the subpoena is issued*. If that period elapses without the filing of a contesting motion, the ISP(s) shall have ten (10) days thereafter to produce the information responsive to the subpoena to plaintiff.

5. Comcast, or any other ISP subpoenaed pursuant to this order, shall preserve any subpoenaed information pending the production of the information to plaintiff and/or the resolution of any timely-filed motion contesting the subpoena.

6. Any ISP that receives a subpoena pursuant to this order shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena. Any ISP that elects to charge for the costs of production shall provide plaintiff with a billing summary and cost reports.

7. Any information disclosed to plaintiff in response to a Rule 45 subpoena may not be used for any improper purpose and may only be used for protecting plaintiff's rights as set forth in the complaint.

IT IS SO ORDERED.

DATED: January 10, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE